SPARKMAN v. PORTER. See Case No. 7,143.

## Case No. 13,210.
### SPARKS v. KITTREDGE.
[9 Law Rep. 318.]

District Court, D. Massachusetts. Oct., 1846.

GENERAL AVERAGE—DANGER TO CARGO—REPAIRS.

1. The owner of the cargo cannot be held to contribute, in general average, towards the expenses of repairs of the vessel, when the cargo is in safety, and receives no benefit therefrom.
[Cited in Dupont v. Vance, 19 How. (60 U. S.) 171; The L'Amerique, 35 Fed. 839, 843.]

2. Semble;—When no other vessel can be procured to take the cargo, and it would perish, or be of no value if left, if the expenses of repairs exceed the benefit to the ship-owner therefrom, such excess should be paid by the cargo, if incurred for its benefit. But whether such payment should be made by general average, quære.

In admiralty. This was a libel in behalf of the owner of a vessel against the owner of her cargo, for a general average contribution. The vessel was bound to Boston, and was accidentally stranded near Edgartown; the cargo was taken out and put in safety, and subsequently the vessel was got off, repaired, and the cargo taken on board and delivered in Boston. The libellant claimed the right to charge in general average the expenses incurred in getting the vessel off, after the cargo was landed. The respondent denied his right so to do, and this was the only question submitted to the court.

For the libellant it was contended, (1) that by usage and custom in Boston, the expenses were to be contributed for; and he introduced evidence to prove such usage; (2) that independently of any usage, the same were proper subjects for contribution.

D. A. Simmons, for libellant.
F. C. Loring, for respondent.

SPRAGUE, District Judge, held that the proof of usage was not sufficient; that though, generally speaking, it might be the practice in the port of Boston, so to adjust similar cases, yet it appeared that the usage was not uniform, and therefore it was of no weight in

determining the question. The general principle of law was, that when sacrifices were made, or expenses incurred for the general benefit, all the parties interested should contribute. In the present case, when these expenses were incurred, the cargo was in safety; it could not be said that the cargo was saved, or relieved from peril by the expenses of getting the vessel off. The only ground on which the claim could be made would be that they were incurred for the furtherance of the voyage, and in order to its completion. If this was so, then the expenses of repairs should also be charged in general average, for they stand on the same ground. But this could not be maintained. The cargo cannot be held to contribute unless it receives a benefit. Often the right of the master to detain a cargo while he makes repairs is a burthen upon the shipper, and is of no benefit to him except in extraordinary cases; as where no other vessels can be procured to take it and the cargo would perish or be of no value if left. In such a case, if the expenses of repairs exceeded the benefit to the ship-owner therefrom, it is manifest that such excess should be paid by the cargo if incurred for its benefit, but whether such payment should be made by general average or payment of the whole excess, there seemed to be some diversity of opinion.

The following authorities, among others, were adverted to. 1 Mag. Ins. 67; 2 Phil. Ins. 86; 4 Mass. 550–555; 2 Pick. 9–11; Stev. & B. Ins. 75; 2 Metc. (Mass.) 143, 144; Abb. Shipp. (S. & P.'s notes) 575; 3 Maule & S. 482; Stev. & B. Ins. 139, and note (a) 141.

In the present case, the general rule, according to the authorities, was in accordance with the general principle, and the owner of the cargo could not be held liable to contribute towards the expenses of getting off the vessel.